IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| SALIM BENNETT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:11cv920 (JCC/JFA) |
| ) | |
| STEPHEN MACISAAC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on defendants Stephen MacIssac, M. Douglas Scott, Susanne Eisner, Abby Raphael, and Pat Murphy's Motion to Dismiss [Dkt. 17] and defendant Richard Trodden's Motion to Dismiss [Dkt. 20].  For the following reasons, the Court will grant the defendants' motions.

**I.   Background**

A.   Factual Background

Plaintiff brings a *pro se* Amended Complaint "as an individual" and "as Father and Next Friend" of his five children who are minors.  [Dkt. 13.]  The Amended Complaint's "Statement of Facts" suggests that Plaintiff was involved in a child custody case in Arlington County and was prosecuted for abuse and neglect of his children.  (Am. Compl. [Dkt. 13] ¶¶ 1-16.) Plaintiff submits that he made an Alford plea of guilty.  (Am.

Compl. ¶ 3.)  Plaintiff has had numerous interactions with the Arlington County Department of Human Services Child Protective Services and the Arlington County Police Department.  (Am. Compl. ¶¶ 5-6, 14, 19, 28, 30-31.)  And Plaintiff appeared before the Arlington County Juvenile and Domestic Relations Court several times.  (Am. Compl. ¶¶ 3-4, 7, 16, 33, 35.)  Finally, Plaintiff's children were removed from his custody at some point after he pled guilty.  (Am. Compl. ¶ 29.)

The Amended Complaint was filed against the Arlington County Commonwealth's Attorney and various employees of the Arlington County Board and Arlington County School Board.  The named defendants (collectively the Defendants) are: Stephen MacIssac, the Arlington County Attorney; Richard E. Trodden, Arlington County Commonwealth's Attorney; M. Douglas Scott, the Arlington Chief of Police; Susanne Eisner, the Director of the Arlington County Department of Human Services; Abby Raphael, the Chair of the Arlington County School Board; and Pat Murphy, the Superintendent of the Arlington County Public Schools.

The Amended Complaint asserts that the action arises under 42 U.S.C. § 1983 and it appears to rest primarily on claims of due process violations.  Under the heading of "Claims for Relief," the Plaintiff presents five counts.  (Am. Compl. at 17.)[1]  The majority of the counts appear to be related to

---

[1] The numbering of paragraphs in the Amended Complaint is inconsistent.  As a result, some citations refer to the page number of the Amended Complaint.

proceedings in Arlington County Juvenile and Domestic Relations District Court (J&DR Court) and they culminate in a request that the children be returned to Mr. Bennett's custody. (Am. Compl. at 27.)

As best as this Court can tell, Count 1 relates to unspecified acts of bullying and harassment against unspecified plaintiffs at school. (Am. Compl. at 17.) It requests a number of broad based policy changes regarding the process of filing complaints and conducting investigations relating to bullying. (Am. Compl. at 18.) For example, it requests that employees, students, and parents be able to file a complaint or request an investigation from the Department of Education, Department of Justice, or local law enforcement. (Am. Compl. at 18.)

Count 2 contains a long list of complaints relating to the procedures used in Arlington County Juvenile and Domestic Relations District Court, which is a court of the Commonwealth of Virginia, not of Arlington County. *Shirley v. Drake,* No. 98-1750, 1999 U.S. App. LEXIS 7209, at *8 (4th Cir. 1999). It requests that the J&DR Court provide transcripts of hearings and limit acceptance of particular documents; that judges and court appointed lawyers not have particular relationships or undertake particular processes; and, that the court not function under the "Miami Method." (Am. Compl. at 19.)

Count 3 requests this Court to place the J&DR Court and Arlington schools, police, and human services under federal receivership. (Am. Compl. at 20.) It then requests at least sixteen policy changes. (*See* Am. Compl. at 20-25.) The changes involve topics such as, but not limited to, information in warrants, Child Protective Services investigations and psychological evaluations, hearings related to the removal of children from homes, placement in the foster care system, the ability of parents to obtain records, and immunity for Child Protective Services workers. (Am. Compl. at 20-25.)

Count 4 is a claim for prospective relief seeking to prevent police officers from entering Plaintiff's home without legal justification. (Am. Compl. at 25.)

Finally, Count 5 requests that the minors be returned to Plaintiff. (Am. Compl. at 26.) In Count 5 Plaintiff also seeks a temporary restraining order to suspend any further interference by the J&DR Court and Arlington schools, police, and human services and asks this Court to appoint a third party to review the merits of his allegations. (Am. Compl. at 27.)

B.  Procedural Background

Plaintiff filed a Complaint and Emergency Motion for a Temporary Restraining Order in this Court on August 31, 2011. [Dkts. 1, 3.] Defendants Susanne Eisner, Stephen MacIsaac, Pat Murphy, Abby Raphael, and M. Douglas Scott filed an opposition

to the motion on September 1, 2011.  [Dkt. 8.]  On September 2, this Court held a hearing in which it considered and denied Plaintiff's Emergency Motion for a Temporary Restraining Order. [Dkts. 10, 11.]  At the hearing, the Plaintiff sought leave to add his wife, Luz Negron-Bennett, as a party plaintiff, which motion this Court granted.  [Dkt. 11.]

On September 14, 2011, Plaintiff submitted an Amended Complaint.  [Dkt. 13.]  Ms. Negron-Bennett is not a party plaintiff in the Amended Complaint and is therefore no longer a party to the litigation.[2]  On September 29, 2011, defendants Stephen MacIssac, M. Douglas Scott, Susanne Eisner, Abby Raphael, and Pat Murphy filed a Motion to Dismiss the Complaint. [Dkt. 17.]  They moved to dismiss pursuant to Federal Rules of Civil Procedure 8, 10, 12(b)(1), 12(b)(6), and 20.  Also, on September 29, 2011, defendant Richard E. Trodden moved to dismiss pursuant to Federal Rules of Civil Procedure 8 or 12(b)(1) and 12(b)(6).  [Dkt. 20.]

On October 5, 2011, Plaintiff filed a Motion for Rehearing on the Emergency TRO, New Evidence, and Appointment of Guardian Ad Litem.  [Dkt. 23.]  On October 7, 2011, Plaintiff requested a hearing.  [Dkt. 26.]  Defendants filed opposition on October 12, 2011.  [Dkts. 27, 28.]  This Court denied the Motion for Rehearing on October 13, 2011.  [Dkt. 29]

---

[2] Also, in Plaintiff's Motion for Rehearing Plaintiff does not list his wife as a party and he states that he has removed her "from any affiliation with the case." (P. Mot. for Rehearing [Dkt. 23] at 5.)

On October 14, 2011, Mr. Bennett filed "More Information for Motion for Rehearing."  [Dkt. 30.]  And on October 19, 2011, Mr. Bennett filed a Reply to defendants MacIssac, Scott, Eisner, Raphael, and Murphy's motion to dismiss.  [Dkt. 31.]  On the same day, Mr. Bennett also filed a Reply to defendant Trodden's motion to dismiss.  [Dkt. 32.]  On October 27, 2011, defendants MacIssac, Scott, Eisner, Raphael, and Murphy filed a Rebuttal [Dkt. 33] and defendant Trodden filed a Reply [Dkt. 34].

The motions to dismiss are now before the Court.

## II.  Standard of Review

### A. Jurisdiction

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Defendants may attack subject matter jurisdiction in one of two ways.  First, defendants may contend that the complaint fails to allege facts upon which subject matter jurisdiction may be based.  *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780 (E.D. Va. 2002).  In such instances, all facts alleged in the complaint are presumed to be true.  *Adams*, 697 F.2d at 1219; *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995).  Alternatively, defendants may argue that the jurisdictional facts alleged in the complaint are untrue.

*Adams*, 697 F.2d at 1219; *King*, 211 F. Supp. 2d at 780. In that situation, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Virginia v. United States*, 926 F. Supp. at 540 (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)); *see also Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004) (holding that "the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment"); *Adams*, 697 F.2d at 1219; *Ocean Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906, 911 (E.D. Va. 1994). In either circumstance, the burden of proving subject matter jurisdiction falls on the plaintiff. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams*, 697 F.2d at 1219; *Johnson v. Portfolio Recovery Assocs.*, 682 F. Supp. 2d 560, 566 (E.D. Va. 2009) (holding that "having filed this suit and thereby seeking to invoke the jurisdiction of the Court, Plaintiff bears the burden of proving that this Court has subject matter jurisdiction").

    B. <u>Failure to State a Claim</u>

    Rule 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court may dismiss

7

claims based upon dispositive issues of law. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.*

In deciding a 12(b)(6) motion, a court must first be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)(citation omitted).

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

8

conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.  Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal,* 129 S. Ct. at 1949-50.

      C. <u>Pro Se Plaintiff</u>

The Court construes the *pro se* Amended Complaint in this case more liberally than those drafted by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Further, the Court is aware that "[h]owever inartfully pleaded by a *pro se* plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief." *Thompson v. Echols*, No. 99-6304, 1999 U.S. App. LEXIS 22373, 1999 WL 717280, at *1 (4th Cir. 1999) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)).  Nevertheless, while *pro se* litigants cannot "be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).  Thus, even in cases involving *pro se* litigants, as in here, the Court "cannot

be expected to construct full blown claims from sentence fragments." *Id.* at 1278.

### III. Analysis

Together the Defendants have moved to dismiss pursuant to Federal Rules of Civil Procedure 8, 10, 12(b)(1), 12(b)(6), and 20. Because this Court will find for the Defendants under Rules 8, 12(b)(1), and 12(b)(6), this Court will not address Defendants' other arguments.

    A.    <u>Jurisdiction</u>

The Court begins by noting that Plaintiff, as a non-attorney parent, cannot bring an action *pro se* on behalf of his children. In order to invoke the jurisdiction of this Court, Plaintiff must establish that he has standing, that is, has suffered the injury or threatened injury sought to be redressed by the action. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (setting forth the three-part constitutional test for standing). And in the Fourth Circuit, "non-attorney parents generally may not litigate the claims of their minor children in federal court." *Myers v. Loudoun Cnty. Pub. Schs*, 418 F.3d 395, 401 (4th Cir. 2005). *See also Shaw v. Lynchburg Dep't of Soc. Servs.*, No. 6:08cv00022, 2009 U.S. Dist. LEXIS 6659, at *13-14 (W.D. Va. Jan. 29, 2009). The Court explained that "[t]he right to litigate for oneself [] does not create a coordinate right to litigate for others." *Id.* at 400.

Thus, to the extent that Plaintiff's "Claims for Relief" are brought on behalf of his children, this Court does not have jurisdiction.[3] And as a result, this Court finds that it does not have jurisdiction over Count 1, which alleges unspecified acts of bullying and harassment of children at school. Any claim of bullying and harassment would be personal to the child and not to Plaintiff.[4] Accordingly, Count 1 is dismissed under Rule 12(b)(1). The Court will assume that Plaintiff brings the remaining counts individually.

B. Failure to State a Claim

The Court first turns to what is required to bring an action under § 1983. A federal civil rights claim based upon § 1983 has two essential elements: "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S.Ct. at 1948. "[A] local government

---

[3] Plaintiff requests the Court to appoint a next friend or guardian *ad litem* to represent the minors. The Court declines to do so because a guardian *ad litem* has already been appointed for Mr. Bennett's children in the state custody proceedings and, as discussed below, Mr. Bennett has not stated a claim upon which relief can be granted.

[4] Even if this Court had jurisdiction over Count 1, it would not survive a motion to dismiss because, like the other counts discussed below, it fails to allege an action taken by any particular Defendant under the color of law.

may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible." *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

Upon careful review of the allegations in all of Plaintiff's submissions, the Court finds that Mr. Bennett fails to allege any action taken by any Defendant under color of state law. The Defendants are named in the caption of the Amended Complaint and in a description of their job duties, but none of them are ever mentioned again in the body of the Amended Complaint. The Amended Complaint provides no statement that any of the Defendants, much less that each one individually, violated Plaintiff's constitutional rights. Nor does Plaintiff state that any particular Defendant did so pursuant to a government policy or custom. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Lewis v. Lappin*, No. 3:10cv426, 2011 U.S. Dist. LEXIS 62522, at *5 (E.D. Va. June 13, 2011)(citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)).

Furthermore, in a § 1983 action, the Defendants cannot be held liable for the actions of a subordinate on a theory of *respondeat superior.* See *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). And Plaintiff falls far short of alleging supervisory liability under § 1983. The three elements required to establish such liability are:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;
>
> (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and
>
> (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). In order to overcome a motion to dismiss, Plaintiff must have alleged facts sufficient to plausibly suggest an entitlement to relief under this standard. Plaintiff has not met this burden, nor has Plaintiff met the burden under *Iqbal* and *Twombly*.[5] Accordingly,

---

[5] The Court notes that Defendants would likely be able to assert absolute or qualified immunity defenses, but the Amended Complaint does not provide enough detail for the Court to determine the appropriateness of those defenses.

Counts 2 through 5 are dismissed under Federal Rules of Civil Procedure 8 and 12(b)(6).

### IV.  Conclusion

For these reasons, the Court will grant both of the Defendant's motions to dismiss.

An appropriate Order will issue.

|  |  |
|---|---|
| November 7, 2011<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |